1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8    PETER JAMES CARR,                          CASE NO. 2:25-cv-00266-LK

9                      Petitioner,              ORDER ADOPTING REPORT AND
                                                RECOMMENDATION AND DENYING
10            v.                                PETITIONER'S PENDING MOTIONS

11   KAREN ARNOLD,

12                      Respondent.

13

14          This matter comes before the Court on the Report and Recommendation ("R&R") of

15   United States Magistrate Judge Brian A. Tsuchida. Dkt. No. 9. For the reasons set forth below, the

16   Court adopts the R&R and denies Petitioner Peter Carr's pending motions.

17                          I    BACKGROUND

18          Mr. Carr, a state prisoner proceeding pro se, brings his fourth federal habeas petition under

19   28 U.S.C. § 2241 to challenge his conviction and sentence in Snohomish County Superior Court.

20   Dkt. No. 5. He alleges that he was denied his Sixth Amendment right to counsel at a critical stage

21   of the prosecution against him. *Id.* at 6. He has submitted six proposed motions in conjunction with

22   his petition: a Request for Certification, Dkt. No. 1-3; a Motion Requesting Brady Order, Dkt. No.

23

24

6; a Motion Requesting Judicial Notice, Dkt. No. 7; a Motion Requesting Stand-By Counsel, Dkt. No. 8; and a Motion to Order to Show Cause, Dkt. No. 11.

In his R&R, Judge Tsuchida recommends that this matter be dismissed without prejudice for lack of jurisdiction because Mr. Carr's petition is a successive petition that has not been authorized by the Ninth Circuit. Dkt. No. 9 at 3.

Mr. Carr objects to the R&R (1) "as a violation of 28 U.S.C. § 1915 based on the preliminary screening voidness of Article III authorization," (2) "as a violation of 28 U.S.C. § 636 based on failure to secure consent to entry of a decision on the [IFP] motion," (3) "as a violation of Habeas Rule 4 based on a defective service process not 'promptly presentend [sic] to and examined by the judge to who it is assigned,'" (4) "as a violation to Habeas Rule 5 based on [Judge Tsuchida] asserting procedural defense rather than the proper respondent," (5) "as a violation of the 1st Amendment right to appeal the order on [IFP] motion . . . since magistrate [judges'] orders are not appealable as a matter of right," (6) "as a violation of the 14th Amendment right to procedural due process based on circumventing the 28 U.S.C.S. § 2243 show cause requirement," (7) for "enter[ing] a 28 U.S.C. § 1915 determination," (8) for "fail[ing] to apply analysis pursuant to United States [Supreme] Court precedent," (9) for "misappl[ying] 28 U.S.C. § 2244(b)(3)(A) to a 28 U.S.C. § 2241[] [and] thus recharacterizing the petition without notice to a 28 U.S.C. § 2254," (10) for "fail[ing] to apply 28 U.S.C. § 2243[] and command the respondent to show cause," (11) for "assert[ing] a factual predicate in violation of 28 U.S.C. § 2244(b)(2)(B)(i)," (12) for "fail[ing] to alert the disrtict [sic] judge of numerous dispositive matters," and (13) for "den[ying] de novo review of request to expand the record[.]" Dkt. No. 10 at 1–3.

## II  DISCUSSION

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a party objects. 28 U.S.C. § 636(b)(1); *see* Fed.

R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). However, the Federal Magistrates Act "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see Reyna-Tapia*, 328 F.3d at 1121 ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Mr. Carr's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

Mr. Carr has filed three previous petitions for writ of habeas corpus. The first habeas petition was dismissed on the merits with prejudice in 2018. *Carr v. Haynes*, No. C17-1326-RAJ, 2018 WL 3533244 (W.D. Wash. July 23, 2018), *appeal dismissed*, No. 18-35884, 2018 WL 8063058 (9th Cir. Dec. 7, 2018). His subsequent two habeas petitions were both dismissed as second or successive petitions. *Carr v. Bennett*, No. C24-1377JLR, 2024 WL 4466569 (W.D. Wash. Oct. 10, 2024), *motion for relief from judgment denied*, No. C24-1377JLR, 2024 WL 4592893 (W.D. Wash. Oct. 28, 2024), *and motion for relief from judgment denied*, No. C24-1377JLR, 2024 WL 4765155 (W.D. Wash. Nov. 13, 2024); *Carr v. Bennett*, No. 2:24-CV-01499-DGE-GJL, 2024 WL 4504750 (W.D. Wash. Oct. 16, 2024), *reconsideration denied*, No. 2:24-CV-01499-DGE-GJL, 2025 WL 437882 (W.D. Wash. Jan. 2, 2025). Because at least one of Mr. Carr's previous petitions was denied on the merits, this petition qualifies as successive unless (1) he shows

that the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.A. § 2244(b)(2).

In his fourth petition, Mr. Carr claims he was denied counsel at arraignment in 2011 when he appeared before the King County Superior Court. Dkt. No. 5 at 12. As Judge Tsuchida observes, this is a fact he knew about more than 14 years ago and a claim that does not rely upon a new rule of constitutional law. Dkt. No. 9 at 3. Thus, under Section 2244(b)(3)(A), the petition is successive and the Court is without jurisdiction to consider it because Mr. Carr has not obtained authorization from the Ninth Circuit to proceed. *See also Cooper v. Calderon*, 274 F.3d 1270, 1273–74 (9th Cir. 2001) (per curiam); *McNabb v. Yates*, 576 F.3d 1029, 1029 (9th Cir. 2009) (noting that a habeas petition "is second or successive only if it raises claims that were or could have been adjudicated on the merits," and a disposition is "on the merits" if the court "either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court"); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (finding that the district court lacked jurisdiction to consider the merits of a second or successive petition absent circuit court authorization).[1]

---

[1] Mr. Carr asserts that the R&R incorrectly failed to conduct its "[s]uccessive analysis pursuant to 28 U.S.C. § 2244(b)" based on *Sanders v. United States*, 373 U.S. 1 (1963). Dkt. No. 10 at 2. However, Mr. Carr does not elaborate on this argument, and as set forth above, the Court has determined de novo that his petition is second or successive.

Mr. Carr also asserts that the R&R failed to conduct either (1) a "[j]urisdiction analysis" pursuant to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) and *One Fair Wage, Inc. v. Darden Restaurants Inc.*, No. 21-16691, 2023 WL 2445690 (9th Cir. Mar. 10, 2023), or (2) an "[a]nalysis to determine complete and intell[i]gent[] waiver of counsel; voidness of judgment and sentence" pursuant to *Johnson v. Zerbst*, 304 U.S. 458, 463 (1938). Dkt. No. 10 at 2. However, these arguments are unavailing because (1) neither *Steel Co.* nor *One Fair Wage* concerns district courts' jurisdiction to hear habeas petitions from state prisoners, as is the case here, and the jurisdictional analysis in the

Ninth Circuit Rule 22-3(a) states that "[i]f an unauthorized second or successive section 2254 petition . . . is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals." However, the Circuit Advisory Committee Note for the rule also states that the court may, in the alternative, "dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12." The Court elects to follow the latter route.

The Court also agrees with Judge Tsuchida that Mr. Carr's petition is untimely for the reasons stated in the R&R. Dkt. No. 9 at 4. Because the petition is indisputably untimely, the Court finds that it is not necessary to hold an evidentiary hearing. *See Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007).

Finally, the Court agrees with Judge Tsuchida that reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Dkt. No. 9 at 4. Accordingly, a certificate of appealability is not warranted.

### III CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) The Court OVERRULES Mr. Carr's Objections, Dkt. No. 10, ADOPTS the Report and Recommendation, Dkt. No. 9, and DISMISSES Mr. Carr's Petition for Writ of Habeas Corpus, Dkt. No. 5, without prejudice to Mr. Carr seeking authorization from the Ninth Circuit Court of Appeals to file a future successive habeas petition;

(2) A certificate of appealability is DENIED;

(3) The Court DENIES as moot Mr. Carr's pending motions, Dkt. Nos. 1-3, 6, 7, 8 and 11;

---

habeas context hinges on the Supreme Court's instruction in *Burton* that circuit authorization to consider the merits of a successive habeas petition is necessary to establish jurisdiction, 549 U.S. at 157; and (2) this Court lacks jurisdiction to consider the merits of Mr. Carr's habeas petition, including whether a "complete and intel[i]gent[] waiver of counsel" was made, Dkt. No. 10 at 2.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S PENDING MOTIONS - 5

and

(4) The Clerk is directed to send this Order to Judge Tsuchida and to Mr. Carr, and to send Mr. Carr a copy of Ninth Circuit Rule 22-3 and the Ninth Circuit Court of Appeals Form 12–Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

Dated this 19th day of May, 2025.

Lauren King
United States District Judge