UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR, | CASE NO. 2:25-cv-00266-LK |
| Plaintiff, | |
| v. | ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |
| KAREN ARNOLD, | |
| Defendant. | |

This matter comes before the Court on Petitioner Peter James Carr's five motions for relief from judgment. Dkt. Nos. 18–21. In all five, Mr. Carr requests that the Court vacate its May 19, 2025 Order Adopting Report and Recommendation pursuant to Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 18 at 1–2; Dkt. No. 19 at 1–2; Dkt. No. 20 at 1–2; Dkt. No. 21 at 1–2; Dkt. No. 22 at 1–2. He also requests a certificate of appealability. Dkt. No. 18 at 2; Dkt. No. 19 at 2; Dkt. No. 20 at 2; Dkt. No. 21 at 2; Dkt. No. 22 at 2. For the reasons set forth below, the Court denies all five motions, including Mr. Carr's requests for a certificate of appealability.

## I. BACKGROUND

On May 19, 2025, this Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida, dismissing Mr. Carr's federal habeas petition for lack of jurisdiction. Dkt. No. 17. Specifically, the Court found that Mr. Carr's application was untimely and was a successive petition which had not been authorized by the Ninth Circuit. *Id.* at 3–5.

Mr. Carr filed his first motion for relief from judgment on May 28, 2025, contending that relief under Rule 60(b) is warranted "based on the failure to apply United States Supreme Court precedent in the determination of the Sixth & Fourteenth Amendment[s] – Right to Jury Determination and Denial of Counsel at a Critical Stage[.]" Dkt. No. 18 at 2. Specifically, Mr. Carr seeks "an application of Jurisdiction Analysis as set forth in" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) and *Johnson v. Zerbst*, 304 U.S. 458 (1938). *Id.* at 1. He also requests, in the alternative, "[a]ppealability . . . to avoid a dilatory remand for the limited purpose of granting or denying a certificate of appealability," *id.* at 2, which this Court construes as a request for a certificate of appealability.

Mr. Carr's second, third, fourth, and fifth motions, filed June 3, 2025, June 13, 2025, June 25, 2025, and July 1, 2025, respectively, also request relief under Rule 60(b) pursuant to the Sixth and Fourteenth Amendments. Dkt. No. 19 at 2; Dkt. No. 20 at 2; Dkt. No. 21 at 2; Dkt. No. 22 at 2. His second motion alleges that "[t]he District Court violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of 28 U.S.C. § 1915(e) determination," Dkt. No. 19 at 1; his third motion "request[s] an application of the Successive Analysis set forth in" *Sanders v. United States*, 373 U.S. 1 (1963), Dkt. No. 20 at 1; his fourth motion asserts that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by asserting a procedural defense not made by respondent," Dkt. No. 21 at 1; and his fifth motion argues that "[t]he District Court vilated [sic] the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Request

for Certification," Dkt. No. 22 at 1. All four of these motions seek a certificate of appealability, as well. Dkt. No. 19 at 2; Dkt. No. 20 at 2; Dkt. No. 21 at 2; Dkt. No. 22 at 2.

## II.  DISCUSSION

The Court denies all five of Mr. Carr's motions. As relevant here, under Federal Rule of Civil Procedure 60(b), the Court is permitted to grant relief from a final judgment or order if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

In his first motion, Mr. Carr argues that relief under Rule 60(b) is warranted because the Court did not conduct an application of the "Jurisdiction Analysis" articulated in *Steel Co.*, 523 U.S. 83 and *Johnson*, 304 U.S. 458. Dkt. No. 18 at 1; *see also* Dkt. No. 10 at 2. However—and as the Court previously explained, Dkt. No. 17 at 4–5 n.1—*Steel Co.* does not concern district courts' jurisdiction to hear habeas petitions from state prisoners, as is the case here. Instead, the jurisdictional analysis in the habeas context hinges on the Supreme Court's instruction in *Burton v. Stewart* that circuit authorization to consider the merits of a successive habeas petition is essential to a federal court's jurisdiction over the merits on collateral appeal. 549 U.S. 147, 157 (2007). *Johnson* too is inapplicable under these circumstances: its holding regarding lack of counsel relates to the merits of Mr. Carr's petition, and again, this Court lacks jurisdiction to consider the merits here. Dkt. No. 17 at 4–5. The Court therefore denies Mr. Carr's May 28, 2025 motion for relief from judgment.

Mr. Carr's June 3, 2025 motion is also meritless. In this motion, he seeks to void the Court's May 19, 2025 Order because it "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of 28 U.S.C. § 1915(e) determination." Dkt. No. 19 at 1. Section 1915(e) provides the Court with the authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). In his R&R, Judge Tsuchida recommended that this Court deny as moot the four proposed motions Mr. Carr had submitted alongside his original habeas

petition, including (as relevant here) a Motion Requesting Stand-By Counsel. Dkt. No. 9 at 5; *see also* Dkt. No. 1-6. As the Court explained in its order adopting Judge Tsuchida's R&R—and has reiterated above—it lacks jurisdiction to consider Mr. Carr's habeas petition. Dkt. No. 17 at 4. This includes the consideration of any pending motions (including Mr. Carr's request for appointment of standby counsel), which this Court has already determined were mooted by the absence of jurisdiction. Dkt. No. 17 at 5. There is no reason to appoint counsel in a case over which the Court lacks jurisdiction. *See Bernal v. California*, No. 8:22-CV-00010-DOC-GJS, 2022 WL 319843, at *2 n.1 (C.D. Cal. Jan. 12, 2022). The Court accordingly denies Mr. Carr's June 3, 2025 motion for relief from judgment.

Mr. Carr's June 13, 2025 motion is meritless as well. In that motion, he "request[s] an application of the Successive Analysis set forth in" *Sanders v. United States*, 373 U.S. 1 (1963). This Court has already performed the correct analysis[1] and found that Mr. Carr's petition is successive. Dkt. No. 17 at 4 & n.1. His June 13, 2025 motion for relief from judgment is consequently denied.

Mr. Carr's fourth motion equally lacks merit. In this motion, Mr. Carr argues that the Court improperly "assert[ed] a procedural defense not made by respondent[.]" Dkt. No. 21 at 1. To support this argument, Mr. Carr cites *Trest v. Cain*, 522 U.S. 87 (1997), which held that a district court is not *required* to raise on its own whether a habeas petitioner failed to comply with a state procedural law (a failure known as "procedural default"). *Id.* at 89. But district courts are *permitted* "to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). That is precisely what the Court did here, and it does not make the judgment void. *See, e.g.*, *Ross v. Bennett*, No. 3:24-CV-05573-TMC, 2024 WL 5186828, at *2

---

[1] *Sanders* has been superseded by the Antiterrorism and Effective Death Penalty Act of 1996, and is no longer controlling on the issue of whether a petition is successive. See 28 U.S.C. §§ 2244(b), 2255(h).

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 4

(W.D. Wash. Dec. 20, 2024), *certificate of appealability denied*, No. 24-5248, 2025 WL 585826 (9th Cir. Jan. 24, 2025). Mr. Carr's June 25, 2025 motion for relief is denied.

Lastly, Mr. Carr's fifth motion lacks merit. In this motion, Mr. Carr argues that the Court did not comply with "the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Request for Certification." Dkt. No. 22 at 1. As explained in its order adopting the R&R, the Court reviewed the entire record and conducted de novo review of the R&R. Dkt. No. 17 at 2–5. Because the Court agreed with Judge Tsuchida that the petition was successive and untimely, the Court did not separately address each of Mr. Carr's other pending motions or proposed motions, which were mooted by the Court's dismissal of his petition. *Id.* at 5.

Further, the Court denies Mr. Carr's requests for a certificate of appealability. Dkt. No. 18 at 2; Dkt. No. 19 at 2; Dkt. No. 20 at 2; Dkt. No. 21 at 2; Dkt. No. 22 at 2. For the same reasons the Court explained in its prior order, Mr. Carr is not entitled to a certificate of appealability. Dkt. No. 17 at 5.

The Court further notes that the serial motions filed by Mr. Carr are procedurally inappropriate; Rule 60 "does not appear to contemplate or account for serial motions" like the ones he has filed. *Jones v. Off. of Workers' Comp. Programs*, No. 2:11-CV-02799-MCE, 2014 WL 2987711, at *2 (E.D. Cal. July 1, 2014). The Court cautions Mr. Carr that "[f]ederal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances," and frivolous or harassing filings can result in restricting a litigant's access to the courts pursuant to the All Writs Act, 28 U.S.C. § 1651(a), after the litigant is provided notice and an opportunity to be heard. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014) (citation modified). Should Mr. Carr file additional meritless 60(b) motions, the Court may impose such restrictions.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Carr's motions for relief from judgment. Dkt. Nos. 18–21. Mr. Carr's requests for a certificate of appealability, Dkt. No. 18 at 2; Dkt. No. 19 at 2; Dkt. No. 20 at 2; Dkt. No. 21 at 2, are also DENIED.

Dated this 7th day of July, 2025.

*Lauren King*
Lauren King
United States District Judge