UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR,<br><br>    Petitioner,<br><br> v.<br><br>KAREN ARNOLD,<br><br>    Respondent. | CASE NO. 2:25-cv-00266-LK<br><br>SECOND ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |

   This matter comes before the Court on Petitioner Peter Carr's four motions for relief from judgment in this case under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 25, 26, 29, 30. For the reasons set forth below, the Court denies all four motions.

### I.   BACKGROUND

   On May 19, 2025, this Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida, dismissing Mr. Carr's federal habeas petition for lack of jurisdiction. Dkt. No. 17. Specifically, the Court held that Mr. Carr's application was untimely and was a successive petition which had not been authorized by the Ninth Circuit. *Id.* at 3–5.

   Between May 28 and July 1, Mr. Carr filed five motions for relief from judgment. Dkt. Nos. 18–22. On July 7, this Court issued an order denying all five of those motions. Dkt. No. 24. It provided the substantive grounds for the denials, *id.* at 3–5, and further noted that Mr. Carr's

serial filing of such motions was inappropriate under Federal Rule of Civil Procedure 60, *id.* at 5. The Court cautioned Mr. Carr that he should desist from filing frivolous motions for relief from judgment, noting that it could impose sanctions or "carefully tailored restrictions" on his filing privileges should he continue to lodge frivolous and procedurally improper 60(b) motions. *Id.* (citing *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061–62 (9th Cir. 2014)).

Undeterred, Mr. Carr has continued to file additional Rule 60(b) motions. He filed one on July 11, 2025, Dkt. No. 25, a second on July 15, 2025, Dkt. No. 26, a third motion on July 23, 2025, Dkt. No. 29, and a fourth on August 6, 2025, Dkt. No. 30. On July 15, 2025, Mr. Carr appealed this Court's decision adopting Judge Tsuchida's R&R to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 27.

## II.     DISCUSSION

### A.     Jurisdiction

The Court has subject-matter jurisdiction over Mr. Carr's motions. Although a district court generally does not have jurisdiction over a motion filed pursuant to Federal Rule of Civil Procedure 60 if it is filed after a judgment has been appealed, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam), "[i]f a party files a notice of appeal after the court announces or enters a judgment" but before it disposes of a pending motion filed pursuant to Federal Rule of Civil Procedure 60 or other applicable motion, the notice of appeal only "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); *see also Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1074 n.2 (9th Cir. 2020).

Here, Mr. Carr filed his July 11 motion four days prior to filing his as his notice of appeal, and as such the Court has jurisdiction over that motion. Fed. R. App. P. 4(a)(4)(B)(i). And because Mr. Carr filed his July 15, July 23, and August 6 motions before the Court ruled on his July 11

motion, the Court has jurisdiction over those motions as well. *Id.*; *Nutrition Distrib. LLC*, 978 F.3d at 1074 n.2; *see also Midkiff v. Bennett*, No. 3:24-CV-05550-LK, 2024 WL 5008874, at *2 (W.D. Wash. Dec. 6, 2024).

### B. Mr. Carr's Motions Lack Merit

The first three of Mr. Carr's pending motions contend that this Court violated the Magistrate's Act and Habeas Rule 8(b) by (1) "failing to conduct de novo review of Petitioner's Affidavit In Support of 28 U.S.C. section 2241," Dkt. No. 25 at 1; (2) "failing to conduct de novo review of MOTION REQUESTING JUDICIAL NOTICE," Dkt. No. 26 at 1; and (3) "failing to conduct de novo review of MOTION FOR EVIDENTIARY HEARING," Dkt. No. 29 at 1. The fourth pending motion requests that the Court apply the "analysis set forth in *Ornelas v. United States*," 517 U.S. 690 (1996), given the "historical fact" that Mr. Carr allegedly "filed a Motion Requesting Evidentiary Hearing, pursuant to Evidence Rule 201(e), which received no consideration." Dkt. No. 30 at 1. All four of Mr. Carr's motions seek to "void the [Court's] judgment" under Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 25 at 1; Dkt. No. 26 at 1; Dkt. No. 29 at 1; Dkt. No. 30 at 1. Each of these motions also requests, in the alternative, "[a]ppealability . . . to avoid a dilatory remand for the limited purpose of granting or denying a certificate of appealability," Dkt. No. 25 at 2; Dkt. No. 26 at 2; Dkt. No. 29 at 2; Dkt. No. 30 at 2, which this Court construes as a request for a certificate of appealability.

As the Court noted in its prior order, Rule 60(b)(4) provides relief from a final judgment if it is void as a matter of law. Dkt. No. 24 at 3. "The list of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016).

SECOND ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 3

Like his first five motions for relief from judgment, Dkt. Nos. 18–22, Mr. Carr's sixth, seventh, eighth, and ninth motions for relief also do not address the substance or reasoning of the report and recommendation or the standard for granting relief from judgment. As other judges in this District have observed, Mr. Carr's incessant motions for relief from judgment "appear to be 'fill-in-the-blank' style filings" that do not engage with the legal standard and are otherwise "devoid of merit." *Carr v. Bennett*, No. 2:24-CV-01499-DGE-GJL, 2025 WL 437882, at *1 (W.D. Wash. Jan. 2, 2025). Here, Mr. Carr again fails to show that the judgment is void because this Court lacked subject matter jurisdiction, lacked jurisdiction over the parties, or acted in a matter inconsistent with due process that deprived a party of notice or the opportunity to be heard. *Espinosa*, 559 U.S. at 270–71. Accordingly, Mr. Carr is not entitled to relief under Rule 60(b). For the same reasons the Court has provided in prior orders, Mr. Carr is not entitled to a certificate of appealability. Dkt. No. 17 at 5; Dkt. No. 24 at 5.

Accordingly, Mr. Carr's motions, Dkt. Nos. 25, 26, 29, 30, are DENIED. As Mr. Carr has filed several meritless motions in this case, it is further ORDERED that, except for a notice of appeal, any further motions Mr. Carr files in this case will be docketed by the Clerk of the Court, but no action will be taken on them. *See Carr*, 2025 WL 437882, at *2; *Carr v. Bennett*, No. C24-1377JLR, 2024 WL 4765155, at *2 (W.D. Wash. Nov. 13, 2024) (directing the Clerk "not to calendar any additional motions for relief from judgment filed in this closed case" after Mr. Carr filed four meritless 60(b) motions).

Dated this 2nd day of September, 2025.

*Lauren King*
Lauren King
United States District Judge